UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 20-830-AB (KS)                                         Date: February 3, 2020

Title   *Eddie Turner v. Ralph M. Diaz, Secretary of Corrections, et al.*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|              Gay Roberson              |              N/A              |
|----------------------------------------|-------------------------------|
|              Deputy Clerk              |   Court Reporter / Recorder   |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On January 27, 2020, Petitioner, a former California inmate currently on parole[1] proceeding *pro se*, filed a Petition for Writ of Habeas pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) The Petition challenges Petitioner's 2016 conviction and sentence for four counts of grand theft in violation of California Penal Code ("Pen. C.") § 487a with enhancements; five counts of procuring or offering false or forged instruments for record, with enhancements (Penal C. § 115(a)); and one count of perjury (Pen. C. § 118) with enhancements. (Petition at 2.) In response to questions on the form petition asking the grounds on which he seeks relief in the instant Petition, under Grounds One, Three, Four, and Five Petitioner wrote only: "SEE ATTACHED." (*Id.* at 5-7 (capitalization in original).) Petitioner left Ground Two entirely blank. (*Id.* at 5.) Petitioner provided no additional supporting facts for any of the purported claims, leaving the "Supporting FACTS" section under Grounds One through Five of the Petition completely blank. (*Id.*) Instead, with the form Petition, Petitioner attached forty-eight (48) pages that are identified as "Grounds 1-13." (*See* Petition at 12-59.)[2] Petitioner also included voluminous documents and memoranda with the Petition as Exhibits 1-13, which include prior briefing on direct appeal and state habeas proceedings, decisions of the California Court of Appeal and the California Supreme Court, as well as a Clerk's Transcript on appeal from the Superior Court and a Reporter's Transcript of Proceedings on Appeal. (*See generally id.*)

---

[1]     On the caption page of the Petition, Petitioner lists a "Prison Identification/Booking No. "BB0204" and provides an address at a private residence in Altadena, California. (Petition at 1.) The Court's own search of the California Department of Corrections and Rehabilitation ("CDCR") Inmate Locator files found no current inmate with the identification No. BB0204, which appears to indicate that Petitioner is no longer incarcerated in a CDCR facility and is now released on parole. *See* https://inmatelocator.cdcr.ca.gov/ (last visited on February 3, 2020).

[2]     Because Petitioner did not consecutively paginate the Petition and its Attachments as a single document, for ease of reference, the Court uses the page identifiers assigned by the CM/ECF electronic docketing system.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief." Additionally, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to the Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4; *see also Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (petitioner must state facts that point to a real possibility of constitutional error to be entitled to habeas corpus relief). Because the Petition does not identify legal or factual basis for Petitioner's claims and it is unclear on what claims Petitioner is seeking relief, the Petition is subject to dismissal pursuant to Habeas Rule 4. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

IT IS THEREFORE ORDERED that Petitioner shall SHOW CAUSE no later than **March 3, 2020** why the Petition should not be dismissed for failure to comply with Habeas Rule 2(c) and Habeas Rule 4. Petitioner may discharge this Order by filing one of the following on or before the March 3, 2020 deadline:

(1) A complete First Amended Petition that is signed, does not refer to any of Petitioner's earlier pleadings identifies with specificity <u>each ground</u> on which he seeks habeas relief, and articulates specific facts supporting each claim for habeas relief; or

(2) A signed Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a).

//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 20-830-AB (KS)                                          Date: February 3, 2020
Title    *Eddie Turner v. Ralph M. Diaz, Secretary of Corrections, et al.*

**Petitioner's failure to timely comply with this Order and show cause why the Petition should not be dismissed may result in a recommendation of dismissal pursuant to Habeas Rule 4 and/or Local Rule 41-1 and Fed. R. Civ. P. 41.**

**IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | gr |