UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 20-0830-AB (KS)                                             Date: March 12, 2020
Title    *Eddie Turner v. Ralph M. Diaz*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson  | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On January 27, 2020, Petitioner, a former California state prisoner now on parole and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) On February 3, 2020, the Court ordered Petitioner to show cause why the Petition should not be dismissed because it failed to specify the grounds for habeas relief and state specific facts in support of each ground, and, *inter alia*, was not signed under penalty of perjury by Petitioner. (Dkt. No. 4.) The Court instructed Petitioner that, if he wished to continue with this action and discharge the February 3, 2020 Order to Show Cause, he needed to file a First Amended Petition that both "identifies with specificity each ground on which [Petitioner] seeks habeas relief, and articulates specific facts supporting each claim for habeas relief." (Dkt. No. 4 at 2) (emphasis in original).

On March 3, 2020, Petitioner filed a First Amended Petition (the "FAP"). (Dkt. No. 7.) The FAP is almost 90 pages long. It ostensibly articulates 13 grounds for habeas relief, but within each claim Petitioner hints at a myriad of different grounds for relief. For example, Petitioner describes Ground One as follows: "Protection against disproportionate punishment guaranteed by the 8th Amendment; lack of 'personal jurisdiction'; breach of due process guaranteed by 5th and 6th Amendment which affords a defendant be given notice, an opportunity to be heard, effective assistance of counsel." (FAP at 5.) In the attached memorandum articulating "supporting facts" for Ground One, Petitioner asks to have his parole status immediately annulled because: he did not receive notice of a resentencing hearing; the judge abused his authority in resentencing Petitioner; his appellate attorney rendered ineffective assistance of counsel by losing his license and failing to notify Petitioner as well as failing to brief all appealable matters and federalize all constitutional violations; and both the judge and the appellate attorney are under investigation.

(Petition at 16-18.) Petitioner then quotes both the Sixth and Fourteenth Amendments in full. (Petition at 17-18.)  Petitioner states that "Ground One 'sets the stage' for a series of judicial misconducts, abuses of authority, collusion, ineffective assistance of counsel, an unjust trial, breach of due process of law, and prejudices . . . and demonstrates Judge Michael Garcia's total disrespect of Petitioner's Constitutional Rights regarding equal protection of law." (Petition at 17-18) (errors and capitalization in original).  Petitioner asks that the Federal Bureau of Investigation commence an investigation into five different people involved with Petitioner's conviction and/or resentencing.  (Petition at 20.)  The remaining 67 pages of the Petition read similarly, invoking a plethora of legal theories within each ground for relief, many of which are not cognizable in a federal habeas action, and asserting numerous wrongs with few, if any, clear statement of supporting facts.

As the Court previously informed Petitioner, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief."  Additionally, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to the Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner.  The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error."  Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4; *see also Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (petitioner must state facts that point to a real possibility of constitutional error to be entitled to habeas corpus relief).

Significantly, Habeas Rule 2 was intended to eliminate the need for judges to spend hours deciphering "lengthy and often illegible petitions, arranged in no logical order" and consider petitions that "contained mere conclusions of law, unsupported by any facts."  Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2.  Accordingly, district courts may summarily dismiss a habeas petition that is "prolix and confusing, and fails to state[] clearly and succinctly each claim petitioner seeks to bring in federal court."  *See, e.g., Wu v. Hubbard*, No. C 06-3263VRW(PR), 2007 WL 4524169, at *1-2 (N.D. Cal. Dec. 18, 2007)  (stating that the petition "rambles on and on about the unfairness of the state criminal proceedings . . . without setting forth any specific facts in support of any specific claim for habeas relief under 28 USC § 2254," making

it "virtually impossible to ascertain from [the] petitioner's voluminous filings what claims he seeks to bring in federal court").

The FAP falls into this category. The Court cannot ascertain from Petitioner's 87 pages the legal theories and specific facts underpinning each of his 13 claims for habeas relief. It appears that Petitioner may wish to bring far more than 13 claims for habeas relief, but the Court can neither determine how many claims he hopes to assert nor the legal and factual basis for each. It also appears that Petitioner may be asking the Court to initiate criminal and/or administrative investigations, a form of relief that is not available to through a petition for a writ of habeas corpus.

Instead, the central purpose of the writ of habeas corpus is to provide a remedy to prisoners challenging the fact or duration of their physical confinement and seeking their immediate, or earlier, release. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody"). Accordingly, to the extent that Petitioner seeks relief beyond his release from state supervision pursuant to his term of parole, his claims are not cognizable in an action brought under the federal habeas statute and should be omitted from any amended petition filed in the future. Further, a private citizen like Petitioner lacks standing to compel a criminal investigation or prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (no judicially cognizable interest in the prosecution or nonprosecution of another); *Machin v. Costas*, No. CIV 09-444 IEG WVG, 2009 WL 3839325, at *10 (S.D. Cal. Nov. 16, 2009) (no cause of action for violations of state criminal laws).

Finally, under the federal habeas statute, 28 U.S.C. § 2254, the district court has jurisdiction to issue a writ of habeas corpus on behalf of a person in custody <u>only</u> "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("Federal habeas corpus relief does not lie for errors of state law."). Accordingly, Petitioner's claims that his resentencing and/or parole status violates *state* law, a *state* court decision, or a canon of judicial ethics are not cognizable in this habeas proceeding and should be omitted from any amended petition filed in the future.

In light of the foregoing, **IT IS HEREBY ORDERED that Petitioner shall SHOW CAUSE no later than April 2, 2020 why the First Amended Petition should not be dismissed**

for failure to comply with Habeas Rule 2(c) and Habeas Rule 4.  Petitioner may discharge this Order by filing one of the following on or before the April 2, 2020 deadline:

**(1)**   **a complete Second Amended Petition, <u>that does not exceed 50 pages in length, including attachments</u>, that is signed, does not refer to any of Petitioner's earlier pleadings, identifies with specificity how many claims Petitioner is bringing and the constitutional basis for each claim, and describes the specific facts underpinning each claim for habeas relief; or**

(2)   a signed document entitled Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a).

Petitioner's failure to timely comply with the terms of this Order, including its requirement that any Second Amended Petition clearly articulate the number of claims asserted and the relationship between the legal theory and the facts underpinning each claims, may result in a recommendation of dismissal.

**IT IS SO ORDERED**.

                                                                                              :
                                                                     **Initials of Preparer**   gr